UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| THOMAS E. PEREZ,<br>Secretary of Labor,<br>United States Department of Labor, | )<br>)<br>)<br>) | FILE NO. |
| Plaintiff, | )<br>) | |
| v.<br>D&D AUTOW'S INC.,<br>Khosrow Daneshgari (an individual), and<br>Leslie Zotti (and individual) | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | **COMPLAINT**<br>**(Injunctive Relief Sought)** |

Plaintiff brings this action pursuant to § 17 of the Act, 29 U.S.C. § 217, to have Defendants enjoined from violating provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act") and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid back wages, together with an equal amount as liquidated damages.

I

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

II

Defendant, D&D Autow's Inc., at all times hereinafter mentioned, has been a corporation having a place of business and doing business in Cobb County, Georgia.

Defendant, Khosrow Daneshgari, at all times hereinafter mentioned has been an owner of D&D Autow's Inc. and had operational control of its employees. Defendant Khosrow Daneshgari, doing business in Cobb County, Georgia at all times hereinafter mentioned, acted directly or indirectly in the interest of the aforesaid corporation in relation to its employees and, therefore, is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

Defendant, Leslie Zotti, at all times hereinafter mentioned has been an owner of D&D Autow's Inc. and had operational control of its employees. Defendant Leslie Zotti, doing business in Cobb County, Georgia at all times hereinafter mentioned, acted directly or indirectly in the interest of the aforesaid corporation in relation to its employees and, therefore, is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

III

At all times hereinafter mentioned:

A. Defendants engaged in related activities performed either through unified operation or common control for a common business purpose, constitutes an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

B. Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV

Since November 30, 2011, Defendants have willfully and repeatedly violated the provisions of §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees employed in an enterprise engaged in applicable minimum hourly rate.

V

Since September 19, 2012, Defendants have willfully and repeatedly violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

VI

Since September 19, 2012, Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.

WHEREFORE, cause having been shown, Plaintiff prays for Judgment pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their agents, servants, employees and all persons in active concert or participation with them from violating the provisions of §§ 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period 3 years prior to the commencement of this

action and an additional equal amount as liquidated damages to employees (as named in Schedule "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial); and for such other and further relief as may be necessary and appropriate including costs of this action.

| ADDRESS: | M. PATRICIA SMITH |
| --- | --- |
| | Solicitor of Labor |
| Office of the Solicitor | |
| U. S. Department of Labor | STANLEY E. KEEN |
| 61 Forsyth Street, S.W. | Regional Solicitor |
| Room 7T10 | |
| Atlanta, GA 30303 | ROBERT L. WALTER |
| | Counsel |
| Telephone: | |
| (404) 302-5449 | By:/s/Yasmin K. Yanthis-Bailey |
| (404) 302-5438 (FAX) | YASMIN K. YANTHIS-BAILEY |
| | Georgia Bar No. 780202 |
| | Attorney |
| | atl.fedcourt@dol.gov (Primary) |
| | yanthis-bailey.yasmin@dol.gov |
| | |
| | Office of the Solicitor |
| | U. S. Department of Labor |
| SOL Case No. 15-00677 | Attorneys for Plaintiff. |

**D&D Autow's Inc. dba Zotti's Towing**
**Case ID: 1737311**
**Appendix A**

1. Allen, Lance
2. Baker, Michael
3. Bryant, Robert
4. Chapelle, Edward
5. Dobson, Jason
6. Faucette, John
7. Glenn, Laurie
8. Greer, Terry
9. Hall, Donyas
10. Hernandez, Saul
11. Houston, Cornelius
12. Johnson, Perrie
13. Lawrence, Kahli
14. Merriman, Thomas
15. Mitchell, Dion
16. Moffett, Damien
17. Roberts, Noah
18. Sailers, Joseph
19. Slone, William
20. Starnes, Kelly
21. Stewart, Patrick
22. Thelen, Nicole
23. Thomas, Roderick
24. Thomas, T'Era
25. Wade, Keith
26. Williams, Reginald
27. Williams, Ted
28. Williams, Willie
29. Wilson, Hyiesha
30. Woods, Craig